The next case today is Igor Peulic v. Merrick B. Garland, Appeal No. 201587. Attorney Marzouk, please introduce yourself for the record and proceed with your argument. May it please the Court, my name is Stephanie Marzouk, counsel for the appellant Igor Peulic. May I reserve two minutes for rebuttal, please? You may. Thank you. This case concerns a refugee family who survived horrific violence in Bosnia and found safety together in the United States. In deciding that Mr. Peulic should not be granted a waiver of inadmissibility, the Board relied upon an impermissible statutory interpretation and a flawed analysis of the factors in this case. Why should we reach any of those questions? The Board has an alternative ground for its holding, the ground that even if your client met the matter of Jean's standard, it, as a matter of its discretion, would deny the waiver of admissibility. That discretion is conferred to it by statute and is unreviewable as I understand the statutory scheme. So why should we even reach the question of whether the matter of Jean's standard is the appropriate standard? Yes, Your Honor. So the analysis of the hardship in this case was flawed and this does matter, even though the Board said they would deny as a matter of discretion, because the matter of Jean is clear. There is no crime so terrible that the waiver is completely foreclosed. But I think you, with respect, I think you've missed the point. If the Board has an alternative holding, which I think it does, that it would deny as a matter of discretion. And if that alternative holding under the statute is unreviewable, doesn't that end the case? Because regardless of matter of Jean, if that holding stands, Mr. Hulick loses. And if that holding is unreviewable, then it stands. Two things on that point, Your Honor. Um, the first is that there's always a balancing test. And if that balancing hasn't been properly done, the Board can't reach the conclusion that would deny as a matter of discretion. Otherwise, it's denying on the crime alone without making the balancing test. There was a balancing test. Is there anything in the statute that limits the Board's exercise of its discretion? So with regard to the discretionary decision, the ultimate decision is reviewable insofar that it rests on legal determinations. And in this case, there are legal determinations being made. So the question of whether the Board has properly followed the matter of Jean's standard would be a legal determination that is reviewable by this Court. And again, the Board cannot deny on discretion alone based on the crime without also considering weighing that against the hardship and the statutory factors in the case. So that alternative holding does not insulate this case from review. Just so I understand the point is that even under Jean or John? Either, Your Honor. Okay. Well, under matter of John, it contemplates that the crime could be so problematic and serious that you could still deny the waiver. And if I understand your point is when an agency does that on that ground, that's fine so long as along the way to get there, it hasn't infected the analysis of the legal care by the way it thought about hardship. Is that the idea? That's correct, Your Honor. So the Board does hold the ultimate decision is discretionary. However, again, Jean is very clear that even in that case where the crime was truly horrific, that the waiver is still possible. That in an appropriate case, there are factors that could countervail such a crime. And that balancing test must be completed before the Board exercises its discretion to deny. Maybe what I'm not, when the Board says, even if your point is that the way Jean works is there's a very high standard for hardship that has to be met. And then that's weighed against the seriousness of the crime. In other words, what is the significance of this separate reference in the agency's decision to, well, even if I agreed with the petitioner about how serious the hardship was, I would still rule this way because of the seriousness of the crime. That's what I'm puzzled by. Four minutes remaining, four minutes. And so that determination, I think they were just explaining a rationale. However, their analysis was very flawed. They didn't analyze the statutory factors, only the hardship. There was no mention of this family's experience in Bosnia whatsoever, or the ways that it continues to affect them to this day. And they also did not consider all the evidence. I'll ask you one last way. Suppose the agency did everything you say has to be done under Jean, and they do, they consider all those factors, and they say the standard for hardship is the one that the petitioner in this case is asking for. At the end of doing all that, would it be permissible for the agency to say, but the crime was so serious, I would not grant the waiver? That is what matter of Jean says, that they do have that ultimate discretion, but that they must do the balancing before. My question to you then is, well, isn't one understanding what the board did here, exactly that, which is, it may have come up with an analysis that you don't like, and that you're challenging, but it nonetheless can be understood to say, but even if we looked at it differently, and thought your way, still, I wouldn't rule for you because of the seriousness of the content. And if that's the case, then that's an independent ground that makes it unnecessary for us to address all the legal challenges that you made as to how the statute structures the hardship. They still cannot reach that determination without adequately balancing the hardship. And there's so much that they left out, there's no showing that they considered all of these very critical details to the hardship determination. And so they can't balance that scale. They can't say the crime outweighs all of this when they haven't actually done the analysis to determine what is the countervailing factor against the crime. And that's really the issue here, that they jump to that conclusion without considering all of the hardship. They're required to conduct a de novo review and consider all the hardship evidence in the aggregate, and there's simply no showing that they've done that. And so I think it's not an independent ground, it's that they've leaped over the analysis that they're supposed to do and rush to a conclusion that they weren't entitled to reach before having done the analysis. So with regard to John, the statutory purpose of the Refugee Act is to comply with the United Congress created a separate process for refugees who are seeking to adjust status in the United States with a much more generous waiver process. And that's both true in that more grounds of inadmissibility are waivable and that the standard is lower. In 1996, Congress amended the INA to include harsher consequences of many criminal convictions, but it did not change this waiver. And to leave the John standard leads to an absurd result because it makes refugees subject to a higher bar than regular adjustment of status applicants. So a regular immigrant who's not a refugee applying for a waiver of inadmissibility under the parallel provision in INA 212H would only have to show exceptional and extremely unusual hardship relative to other immigrants. And under the board's 2019 interpretation in CASD and John, the refugee has to show this relative to other refugees, which is a class of people who've already gone through persecution. The plain text of the Refugee Act makes clear that Congress meant to offer more leniency to refugees and not less. And again, all of this hardship matters because even considering that matter of John should stand, the board missed many things. They did not. Time has expired. Thank you. Thank you. Go ahead. Good morning, your honors. May it please the court. My name is Jennifer Singer and I represent the United States Attorney General, a respondent in this matter. I'll just start with the issue that was brought up by your honors earlier with opposing counsel with the alternative finding by the agency that as a matter of discretion, aside from the heightened standard that this petitioner was not entitled to a waiver of admissibility. And as we argue in the briefs, that finding is independently dispositive and of the petition review and of the issues here. And it's unreviewable by this court. However, we did brief the issue of matter of John, just because it's an important issue. It's been on the books for 20 years and other courts have decided the issue. And we argue that your honors or this panel should join the other circuits to have decided the matter and hold that heightened standard articulated in matter of John for people who have committed violent or dangerous crimes. It's a permissible exercise of the discretion afforded to him. Ms. Singer, just so I understand, on the independent ground, your reading of the decision of the board is that when it makes that discretionary determination as its independent ground, that's on the understanding that the standard that the petitioner was asking for applied? My reading of the agency's decision is that even if, whether or not the heightened standard applies, the crime was so severe. I understand how you put it that way, but I'm trying to figure out, if I understand that there is a claim by the petitioner that under the statute, the John standard is too high and there's a different standard that they're arguing for. I mean, the John standard applies to violent and dangerous crimes. The other standard, just the regular statutory standard is inapplicable here. So I'm a little bit, I guess I'm not following what opposing counsel is arguing because the John standard only applies to violent or dangerous crimes. But the board, as I read its decision, and you correct me if I'm wrong, seemed to be that even if the plaintiff's interpretation of the, even if the plaintiff met the John standard, or even if you measured hardship the way the petitioner wanted hardship to be measured, it didn't matter because ultimately this is a discretionary decision and the attorney general through the board was going to deny the waiver. Yes, that is my understanding and reading. But even under this heightened standard that the petitioner does not merit a waiver as a matter of discretion. Let's see, there's two, if I follow, there's two different points there. One possibility is there's a heightened standard under John, you never get to it, so I don't have to decide how serious the crime is, right? That's possible under John? Yes. I don't, it leaves open the possibility that that is an option, yes. That's right. Okay, so then there's a second, so one thing the BIA could have done is you've tried, you committed this violent conduct, so you've got to show it's extraordinarily important to help you and you haven't shown that, so you lose, I don't ever get to the question of notwithstanding that you've shown that, the nature of your particular violent conduct was so exceptional that I'm not going to give discretion, right? But there's an, I thought that was possible under John, that it could go that way. Yes. Okay, petitioner is arguing that whole John construct about how high the standard is for hardship is illegal. I know you're saying it's not illegal, but that's their contention. When the board makes its independent finding here, that notwithstanding that you don't meet the hardship test from John, it then says, but the crime is so serious I wouldn't exercise my discretion. I take petitioner to be saying, yeah, but that's as against the John standard for hardship, not the more relaxed standard for hardship that the petitioner is arguing for. She then says, in consequence of that, the legal challenge to the John standard that she's making is still alive in the case and we can't avoid it. Do you have an answer to that? It seems like there could be answers to that. One is the premise is wrong. Another is it can't help her because if it's assuming you met even the more heightened standard, obviously it would be assuming you met the lower standard. I think the premise is wrong because even under just the general statutory standard absent John, the attorney general has a discretion to grant or deny a waiver and in the ultimate exercise of discretion, he or she or the BIA can consider anything including the nature of the crime. Did the board in its independent holding do that here under that lower standard or did it only apply the John standard throughout? It was in the context of the John standard, but I think there's one- Five minutes remaining. Five minutes. I was just looking at the decision again and it was in the context of matter of John, but in one sentence, the board says that the underlying is so severe and in consideration of all the other negative considerations, all of those combined still outweighed any of the positive equities in the case. So I think either way, under either standard, it's satisfied and it's in the alternative discretionary finding is dispositive. But if the court were not inclined to decide the case on just that factor, it should join the other circuits to have considered the matter and hold that the matter of John standard is a permissive exercise of discretion. The language of the statute section 209C is permissive. It's simple. It says the Attorney General may grant or deny a waiver and part and parcel to that broad grant of discretionary authority is the Attorney General's power to set standards to guide the exercise of that authority. And that's what the Attorney General did in matter of John. The standard is for violent or dangerous offenses that they have to show extraordinary circumstances to merit a waiver. The circuit sort of decided the issue. It's unclear about how you judge the propriety of that standard, whether it's facially legitimate or rationally related to the statutory scheme. Just so I would it be permissible for the government to interpret that waiver provision as entitling it not to consider hardship at all? Sorry, could you ask that again? Is your view that that waiver provision would entitle the government not to consider hardship at all? Uh, that's just, it could, it can. It just depends what's shown to the board. If the matter of John standard applies, that's just one example of an extraordinary circumstance. Um, the extraordinary circumstance, um, uh, list that was, uh, articulated matter of John, those were just examples. No, I'm saying if, if the agency, instead of issuing matter of John had decided that there's no hardship consideration will be given at all in these cases, would that be permissible? Uh, I don't think so because the general standard under the statute that is directs the attorney general to consider, um, family unity, which might implicate hardship, um, humanitarian concerns, which might, might implicate hardship. So I think there's a lot of overlap amongst the, um, other language of the statute. Um, and under any of the tasks, facially legitimate or rationally related to the statutory scheme, the hardship or the extraordinary circumstances standard makes that fact. Um, there's a national interest immigration policy that we don't, that the government, United States does not want to admit or let people stay who are a danger to the public. And especially here, the nature of the crime was quite serious and violent and dangerous. Um, so we submit that the court should, if it decides to address the issue to, um, join the other circuits that have so held and by matter of John, a permissible exercise of discretion. Um, I don't want to waste the court's time. I think the other issues were sufficiently briefed. I'm happy to rest on the briefs. If there's any questions, I'm happy to answer those as well. Any further questions? Okay. I think your opponent has reserved two minutes. Am I right? That's right, Judge. Thank you, Attorney Singer. You can mute your device at this time. Attorney Marzouk, you can unmute at this time. There's a two minute rebuttal. Thank you, Judge Barron. To answer your question about whether the board only applied the Jean or Jean standard. It's true. Um, they didn't even discuss the statutory factors of the regular standard. They only examined hardship, um, in the part of the decision where they said they would deny, regardless in their exercise of discretion, they cite to Jean and discuss the violent or dangerous crime and the level of hardship required. So it's very clear that they were thinking of Jean throughout. The only thing that's puzzling is if the board in that part of its decision is saying, we're assuming that you met even that heightened standard under Jean. That would seem hard to see how it's of any benefit to you for them to also consider whether you would have met the lower standard. If you're not challenging the idea that under either of those standards, it's still free to decide that the nature of the violent conduct is so serious that it won't grant the waiver. So I think if that part of it's true, I don't really see what legal issue we need to resolve. Your Honor, I don't think that the Jean standard means that the Attorney General is free to disregard the statutory factors. Those must still come into play. And again, there still must be a balancing test. There's no way that the Attorney General can... Essentially, the Attorney General, if this was the case, that this crime is so serious... On your view, what did it not consider that it needed to consider? Independent part of its holding. Sure. So in terms of the evidence of hardship, again, the family's experience in Bosnia, the evidence in the records. So there's medical records detailing Mr. Pulik's support of his mom throughout her illness, the social workers' report about the trauma Mr. Pulik himself suffered, affidavits... But in its alternative holding, the board assumed that your client met the standard of hardship, either on the Jean or the ordinary standard. So none of those factors are now material. I guess... All right. We'll assume hardship. We'll still deny. To answer your Honor's question, the board can't determine that some class of crimes are so serious that no level of hardship can ever countervail them. So again, they have to look at the level of hardship and conduct the balancing test. And because they haven't looked at the hardship, again, they can't say this crime is so serious that nothing can ever overcome it. There's always a balancing test. And John is clear about that. So where that balancing test hasn't happened, there's no way for them to just presume. Essentially, they've leaped over the analysis and reached a conclusion that they're not entitled to reach without conducting the balancing test. Time has expired. Thank you. Thank you, Your Honor. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.